[No. 29218. Department Two. April 8, 1944.]

THE STATE OF WASHINGTON *on the Relation of Frank R. Wald, Respondent,* v. WARD COLEY, *Appellant.*[1]

[1]Reported in 147 P. (2d) 518.

*Albert D. Rosellini,* for appellant.

*Wettrick, Flood & O'Brien,* for respondent.

MILLARD, J.—Relator, who was appointed, March 22, 1937, a trustee of King county hospital system by the board of county commissioners for King county for a term expiring January 15, 1943, instituted this proceeding in *quo warranto,* and prayed that Ward Coley, who claimed to have succeeded to relator's office, be enjoined from exercising, or attempting to exercise, authority as a trustee of the King county hospital system. The trial of the cause to the court resulted in favor of the relator. Ward Coley appealed.

Respondent, who is a resident in the north commissioner district of King county, was nominated in March, 1937, by the commissioner from that district, for the position of trustee of the King county hospital system for the term of six years and until his successor should be duly appointed and qualified. Thereupon, respondent was duly appointed and elected by the board of county commissioners of King county for the office in question, and he duly qualified therefor. Respondent's term of office expired January 15, 1943. On April 5, 1943, the commissioner from the central commissioner district of King county nominated appellant, who resides in the north commissioner district, to succeed respondent as a trustee of King county hospital system. The north district commissioner nominated Elton Jones, a resident in the north commissioner district, to succeed respondent. An election was held on the two nominations and appellant received the votes of the two commissioners representing the central and south districts. The commissioner from the north commissioner district cast his vote for Jones. Appellant entered upon his duties, as trustee of King county hospital system, immediately thereafter and acted as a trustee until the trial court in this action ousted him.

It is respondent's position that appellant's appointment was not in conformity to the requirements of the statute (Rem. Rev. Stat., § 6090-9 [P. C. § 2746-18]) governing the appointment of county hospital trustees. Respondent contends that it was the purpose of the legislature to have the trustees represent the commissioner districts of the county and to have trustees from each district who were satisfactory to the commissioner whom the people of that district had selected to represent them on the board of county commissioners. That is, the statute requires that the trustees from each commissioner district must be nominated by the commissioner from that district; that, while the board of county commissioners is empowered to make the appointment, the authority of the board in making the appointment is limited to the persons nominated by the commissioner from the district for which the trustee is being appointed; and that nomination by such commissioner is made a condition precedent to appointment. It is urged that the nomination by some other commissioner is violative of the statute; hence, appellant could not legally qualify as a trustee, and, therefore, respondent is entitled to continue as a trustee until his successor is duly appointed and qualified.

Counsel for appellant contends that the provision of the statute respecting the qualifications of trustees relates solely to the first board of trustees and that thereafter the county commissioners determine the qualifications without any statutory restrictions.

Laws of extraordinary session of 1925, chapter 174, p. 483, regulating the establishment and operation of hospitals by counties, and counties and cities jointly, authorizes the county commissioners to appoint a 'board of trustees for such hospitals. Laws of 1931, chapter 139, p. 423 (see Rem. Rev. Stat., § 6090-9 [P. C. § 2746-18] *et seq.*), provides that, whenever any hospital shall be established under the provisions of Laws of extraordinary session of 1925, chapter 174, the board of county commissioners of the county in which such hospital is located shall appoint six trustees for such hospital, two to be from each county

commissioner district and to be the persons nominated by the county commissioner elected from the respective districts. The section reads as follows:

"Whenever any county or any county and city jointly, or two or more counties jointly shall have heretofore or shall hereafter establish a hospital or similar institution of two hundred, or more, beds, for the care of the sick, injured or infirm, under the provisions of this chapter, and such hospital is, or shall hereafter be completed and ready for operation or shall have been already in operation, the board of county commissioners of the county in which such hospital or institution is located shall appoint as trustees for such hospital or institution six secular persons, two to be from each county commissioner district, and to be the persons nominated by the county commissioner elected from the respective districts. Said six trustees, together with the additional trustees, if any, and the general superintendent, hereinafter provided for, shall constitute a board of trustees for such hospital and institution with such powers and duties as are hereafter set forth. The members of the board of trustees first appointed shall be appointed for the respective terms of one, two, three, four, five and six years from and after the fifteenth day of January following their appointment, and until their successors are appointed and qualified; and thereafter their respective successors shall be appointed for terms of six years and until their successors are appointed and qualified. If the board of county commissioners is unable to determine by unanimous vote the respective terms of the first appointees, such terms shall be determined by lot. In case two or more counties have established or shall hereafter establish any such hospital jointly, the six members of the board of trustees shall be chosen as above provided from the county in which the hospital or institution is located; and each board of county commissioners of the other county or counties which contributed to the establishment of the hospital or institution shall appoint two additional members of the board of trustees. The regular term of each of the two additional members shall be six years and until their sucessors are appointed and qualified. Such additional members shall be residents of the respective counties from which they are appointed and shall otherwise possess the same qualifications as other trustees. The first term of office of the first appointees of any such additional members shall be fixed

by the board of county commissioners of the county in which said hospital or institution is located, but shall not be for more than six years."

█ It is not implicit in the statute, nor may we indulge in the inference, that only the first appointees must conform to the qualifications prescribed by the statute and that subsequent appointments may be made as desired by a majority of the board of county commissioners. To do so would divest the statute of the precautions, clearly apparent from a reading of the statute, to remove the hospital system from politics. If it had been the intention of the legislature that the manner prescribed for appointment of trustees was applicable solely to the first trustees, it would not be necessary thereafter that trustees be nominated by the commissioner from the district from which the trustees were selected or that the trustees be selected from the several districts. Manifestly, the legislature intended that the nominee of each commissioner would have a place on the board, as is plain from the language that "If the board of county commissioners is unable to determine by unanimous vote the respective terms of the first appointees such terms shall be determined by lot." By this language, the legislature deprived a majority of the board of county commissioners from giving to the two trustees from one district the short terms of office.

In providing that, if more than one county were involved in the establishment of the hospital, the commissioners of the other county shall appoint additional trustees having like qualifications, the legislative intention of geographical representation is further stressed.

In prescribing the exercise of exceptional care in the selection of the first board of trustees, the legislative intention was not thereby expressed that different qualifications would be required of subsequent trustees.

█ Respondent was appointed for a term of years and until his successor shall have been appointed and qualified. The trustee to be appointed is not to be appointed to fill an unexpired term, but as a successor to serve a term. While respondent's term of office has expired, he is spe-

cifically authorized by the statute to hold over until his successor is appointed and qualified; hence, there is no vacancy, as no successor to respondent has been lawfully selected. Respondent's successor must meet the same requirements originally prescribed. He must be not only a resident of the district, but he must be nominated by the commissioner whom the voters of that district selected to represent them.

When the legislature provided that the trustee properly nominated and appointed was to hold office until his successor was appointed and qualified, the language meant a successor appointed and qualified in accordance with the provisions of the statute; as, clearly, one who succeeds, as is argued by counsel for respondent, steps into the shoes of his predecessor and he assumes his functions and accepts the prerogatives of the office burdened with the same conditions and qualifications as his predecessor.

We agree with the argument of counsel for respondent that

"The purpose of the legislature is further evidenced by § 6090-11 Rem. Rev. Stat., where it is provided that a trustee may not be removed even for misconduct or neglect of duty except by *unanimous vote* of the commissioners. Here again, the legislature appears to be anticipating the identical situation that has arisen here where two commissioners attempt to exclude the other from the performance of his duties, and to deny the voters of one district the right to name their trustees through their duly elected commissioners. The only change made in this section by the 1933 legislature, page 680, is to grant the removed trustee a right of appeal to the court. The purpose of the legislature to secure and maintain 'local self representation' upon the board of trustees is evident throughout this legislation . . . the answer to the question involved clearly appears from a mere examination of the terms of the statute itself."

The judgment is affirmed.

SIMPSON, C. J., ROBINSON, BLAKE, and MALLERY, JJ., concur.